FILED
06 OCT 17 PM 1:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as The Aetna Casualty and Surety Company,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 05cv0076-LAB (BLM)<br><br>**ORDER RE SUBROGATED EXPENSES**<br><br>[Dkt Nos. 38, 41] |

　　　　By Order entered March 29, 2006, this court decided the cross-motions for summary judgment of plaintiff Travelers Casualty and Surety Company ("Travelers") and of defendant American International Surplus Lines Insurance Company ("AISLIC") in this action for subrogation and equitable contribution. Dkt No. 37. For the reasons discussed in that Order, the court granted Travelers' motion, denied AISLIC's motion, and ordered the parties to meet and confer on the issue of the amount of subrogated defense expenses AISLIC must pay Travelers, as excess carrier on the claim, for purposes of a judgment to dispose of the case. They were to meet and confer, then jointly lodge a Proposed Judgment. Alternatively, if the parties were unable to agree on the amount of the

1   monetary award, the court authorized the filing of separate briefs to address the areas of their
2   disagreement.

3         The parties filed separate briefs. They agree the amount of fees and costs paid by Travelers
4   in defense of 4S Investment Partners in the underlying action is $351,187.00,[1] based on the court's
5   ruling the AISLIC's defense obligation was triggered on January 29, 2003 by Travelers' tender of
6   defense. AISLIC disputes that finding and argues the trigger of its defense obligation should instead
7   be set in December 2003,[2] and urges the court to calculate its liability for defense expense, based on
8   that later date, as $16,522.06. AISLIC concedes: "Once this Court issues an Order clarifying the
9   timing of AISLIC's defense obligation, the parties will be able to reach agreement as to the amount of
10  fees and costs paid by Travelers in defense of 4S." AISLIC Brief 4:2-4. The court disregards, as an
11  improperly presented request for reconsideration,[3] renewed argument on the merits of the summary
12  judgment motions, including the trigger date of AISLIC's obligation. The court "clarifies" the timing
13  by referring the parties to its prior Order.[4]

14        The parties agree California law controls the recovery of prejudgment interest in diversity
15  actions such as this one. California Civil Code section 3287(a) provides, in pertinent part:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt

19  The parties agree Travelers is entitled to prejudgment interest. They disagree about how the
20  interest assessment should be computed, in particular the date on which damages were certain or
21  capable of being calculated to a certainty. Both sides rely on <u>Hartford Accident & Indemnity Co. v.</u>

---

[1] AISLIC recites the amount to be $351,187.96. Dkt No. 38, 4:14. Travelers, the prevailing party, stipulates the amount of defense expenses was $351,187.00. Dkt No. 41, 2:7. The court adopts Traveler's number.

[2] AISLIC variously refers to its proposed trigger date as "December 2003" (Brief 2:1) and "December 2004" (Brief 2:20, 4:7).

[3] *See* this court's Standing Order in Civil Cases.

[4] Without revisiting the summary judgment motions, the court deems the method proposed by AISLIC to permit the insurer to control when the credit is deemed taken in satisfaction of the SIR by awaiting a final settlement agreement in the action would effectively foreclose complete relief for the umbrella insurer called upon to defend an action properly the responsibility of the primary insurer. *See* AISLIC's Brief 2:13-3:3.

Sequoia Ins. Co., 211 Cal.App.3d 1285, 1306-07 (1989). In that case, the court was called upon to prioritize insurance policies. The Hartford court concluded, on the issue of prejudgment interest, that "the amount of damages was never 'unliquidated' or 'contingent' but rather, only the legally proper order of priority of the respective policies was uncertain," entitling Hartford to prejudgment interest back to the date it exhausted its primary policy limit and first paid out money under its umbrella policy. The "certainty" requirement of CAL. CIV. CODE section 3287(a) "has been reduced to two tests: (1) whether the debtor knows the amount owed or (2) whether the debtor would be able to compute the damages." Hartford, 211 Cal.App.3d at 1307 (citation omitted).

The court rejects AISLIC's contention that Travelers "should be awarded prejudgment interest from March 2004, the time when the Underlying Action was finally resolved." AISLIC Brief 4:9-10. AISLIC provides no authority for that proposition in these circumstances. Travelers argues the "amount of damages to which TRAVELERS is entitled was always capable of calculation," and the "fact that the amount increased every time another payment was made does [not] render the amount unliquidated, *i.e.*, incapable of calculation." Travelers' Brief 3:25-28. The court adopts Traveler's *demonstration* of calculation certainty for "recovery of prejudgment interest to be added to the judgment at the rate of 7 percent per anum . . . through April 14, 2006," in reliance on the chart provided as Exhibit A to the Declaration of Sandra P. Llaneta," calculating the interest amount from the time of each separate payment made" in the total amount of $67,942.37. Travelers' Brief 3:28-4:3. However, the $67,942.37 figure must be adjusted to reflect an interest calculation predicated on the stipulated amount of actual expenditures ($351,187.00), rather than the Exhibit A sum of $357,485.88.

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Travelers is entitled to reimbursement from AISLIC of its actual costs to defend 4S in the underlying action in the amount of $351,187.00, a sum stipulated by the parties to be the subrogated defense expenses, using the January 29, 2003 trigger date set in this court's March 29, 2006 Order deciding the parties' cross-motions for summary judgment.

2. Within fourteen days of the date of this Order, the parties shall meet and confer to recalculate the prejudgment interest amount to be added to those awarded expenses in a manner consistent with this Order.

3. The parties shall then present to the court a [Proposed] Judgment to terminate this case in its entirety.

**IT IS SO ORDERED.**

DATED: 10-16-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: MAGISTRATE JUDGE BARBARA LYNN MAJOR
ALL COUNSEL OF RECORD